**Wilson M. KRUEGER, Jr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7067.

United States Court of Appeals, Federal Circuit.

Nov. 15, 2001.

Rehearing Denied Jan. 17, 2002.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

## DECISION

PER CURIAM.

The appellant Krueger's appeal from the decision of the Court of Appeals for Veterans Claims, dismissing as moot his request for extraordinary relief, is dismissed for lack of jurisdiction.

## OPINION

### I

Although the facts relating to the various administrative and judicial proceedings Krueger has initiated are somewhat complex, those necessary to understanding our disposition of this appeal may be summarized briefly.

Following his military service, which ended in May 1974, Krueger unsuccessfully tried to establish service connection for cardiovascular disease. The Board of Veterans Appeals ("Board") rejected that claim in January 1996, and the Court of Appeals for Veterans Claims ("Veterans Court") upheld the Board's decision. *Krueger v. Gober*, 96–212, 1997 WL 786993 (Vet.App. Nov.19, 1997). On Krueger's request, however, the Regional Office of the Department of Veterans Affairs ("Regional Office") reopened the case and awarded him service connection with 60 percent disability effective August 6, 1996—the date Krueger applied for reopening of his claim. Krueger appealed to the Board, claiming that the effective date should be June 1, 1974 (the day after his separation from service) and that the Board had committed clear and unmistakable error.

On April 18, 2000, the Board denied Krueger's appeal, ruling that the Regional Office properly had designated August 6, 1996 as the effective date for Krueger's benefits.

In a letter to the Veterans Court, dated July 3, 2000, Krueger attempted to appeal the Board's April 18, 2000 decision. The court returned those materials to Krueger, stating that the Board's 1996 decision had become final and that if Krueger was seeking a change in that decision, based on new evidence, he should submit such evidence to the Regional Office, and not to the Veterans Court. The court did not refer to the April 18, 2000 Board decision which Krueger was challenging.

Krueger then filed with this court a notice of appeal from the Veterans Court's action. He also again attempted to appeal the Board's decision, sending the Veterans Court a second letter, dated July 28, 2000, which this time the court treated as a timely notice of appeal of the April 18, 2000 Board decision. Krueger did not, however, inform the Veterans Court of his notice of appeal to this court, or this court of his second letter to the Veterans Court. Consequently, each court proceeded independently and without reference to what the other court was doing.

The Veterans Court informed Krueger that his appeal had been docketed, and that he either must submit the filing fee or seek a waiver thereof within fourteen days. Krueger did neither. The Veterans Court, after issuing an order to show cause why the appeal should not be dismissed, to which Krueger again did not respond, dismissed Krueger's appeal in November 2000.

Following further proceedings in this court, we treated Krueger's notice of ap-

peal as a petition for mandamus. On December 4, 2000, we ordered the Veterans Court to consider whether Krueger's first letter (dated July 3, 2000) had been a timely notice of appeal of the Board's April 18, 2000 decision.

The Veterans Court then noted that the two courts had been acting in ignorance of the other's actions. It held that because it had accepted Krueger's second letter as a timely notice of appeal and docketed (but later dismissed) the appeal, Krueger's petition for relief was moot, and dismissed it. That order, dated April 25, 2001, is the subject of the present appeal.

## II

The jurisdiction of this court to review decisions of the Veterans Court is limited to challenges to "the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (Supp.2001). Except for constitutional issues, however, we cannot review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(1988).

As noted, Krueger's appeal is from the Veterans Court order of April 25, 2001, which dismissed his petition for relief as moot. The validity of that decision turns on (1) whether there remained a live controversy over the validity of Krueger's July 3, 2000 letter as a valid appeal, in light of that court's acceptance of Krueger's July 28, 2000 letter, as a timely appeal from the Board decision, and (2) whether this court's writ of mandamus required the Veterans Court to determine the validity of that earlier letter as an effective appeal. These issues involve factual determination relating to this particular case and section

7292 denies us jurisdiction to decide them. We therefore dismiss the appeal.